UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LUCKY DICK PROMOTIONS, LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>POLK COUNTY, a political subdivision of the State of Florida; JOHN M. BOHDE, individually and in his official capacity as County Land Development Director; and JAMES FREEMAN, individually and in his official capacity as County Manager,<br><br>Defendants. | Case No. 8:16-CV-01488 |

## STIPULATED PROTECTIVE ORDER ON TRADE SECRETS

THIS CAUSE having come before the Court upon the joint motion of Plaintiff and Defendants for a Protective Order, and the Court having reviewed the party's submissions and being duly advised in the premises, it is hereby **ORDERED** and **ADJUDGED** as follows:

### FINDINGS OF FACT

1. Defendants Polk County, John M. Bohde in his official capacity as County Land Development Director, and James Freeman in his official capacity as County Manager (collectively the "County") is an "agency" as that term is defined in Section 119.011(2), Florida Statutes subject to the Florida's Public Records Act ("Act"), as codified in Chapter 119, Florida Statutes.

2. Documents constituting "trade secrets" under the requirements specified by state law are generally exempt from the Act. *See* §812.081, Fla. Stat.

3. Plaintiff Lucky Dick Promotions, LLC ("Lucky Dick") has alleged that certain documents responsive to Defendants' discovery requests constitute trade secrets, and are therefore exempt from the Act.

4. Based upon Lucky Dick's claim of "trade secrets," Lucky Dick agreed to produce confidential documents on the condition that such documents be protected to preserve their confidential nature.

5. In the context of a public records request, pursuant to Section 119.07, Florida Statutes, an agency acts only as a "pass through" insofar as it does not make an independent determination whether a private entity's document, which has been turned over to it, is a protected trade secret as the term is defined under Section 812.081, Florida Statutes. Under Section 119.07, Florida Statutes, when a public records request is made, an agency's inquiry is limited to: (1) determining what documents, if any, are responsive to said request, and (2) determining whether the responsive documents are exempt from the Act.

## CONCLUSIONS OF LAW

6. A private entity cannot render a public record exempt from future disclosure merely by designating material it turns over to an agency as confidential. *See Sepro Corp. v. Fla. Dep't of Envtl. Protection*, 839 So. 2d 781,784 (Fla. 1st DCA 2003). Thus, it is Lucky Dick's burden to prove that a document in fact falls under the "trade secrets" exemption. *See Bainter v. League of Women Voters of Florida*, 150 So. 3d 1115 (Fla. 2014).

7. The determination of whether documents constitute a trade secrets is generally dependent upon the Court doing an in camera inspection of each document. *See Salick Health Care, Inc. v. Spunberg*, 111 So. 2d 944 (Fla. 4th DCA 1998).

## STIPULATED PROCESS

8. For each document Lucky Dick in good faith contends constitute "trade secrets," it shall submit those documents to the Special Magistrate, or the Court if the Special Magistrate is not available, for an in-camera inspection to determine which documents, if any, constitute "trade secrets" as defined in Section 812.081, Florida Statutes. It shall be Lucky Dick's responsibility to submit any documents it contends are "trade secrets" to the Court or Special Magistrate for in-camera inspection before the deadline for producing said documents to Defendants in discovery. Documents produced by Lucky Dick to Defendants that are not submitted to the Court or Special Magistrate for an in-camera inspection or documents that the Court or Special Magistrate determines are not "trade secrets" shall be deemed to not constitute "trade secrets" and shall be available for public inspection without any restrictions imposed by this Order.

9. Documents determined by the Court or Special Magistrate to contain and/or constitute trade secrets" shall be designated as "TRADE SECRETS" as follows:

   a. Lucky Dick shall mark each document determined by the Court or Special Magistrate to contain and/or constitute a trade secrets with the label "TRADE SECRETS" in a highly visible and prominent location on each page prior to production to Defendants.

b.  In the case of interrogatories that seek information from documents that have been determined by the Court or Special Magistrate to contain and/or constitute "TRADE SECRETS," the answers shall be separately bound and marked with the "TRADE SECRETS" legend on each page. In the event of a dispute among the parties about whether an answer contains "TRADE SECRETS," the parties shall seek a determination from the Court.

c.  In the case of depositions, counsel for the party answering questions shall state on the record what answers contain "TRADE SECRETS" when questions are asked that seek information from documents determined by the Court or Special Magistrate to contain and/or constitute "TRADE SECRETS." The court reporter shall place the "TRADE SECRETS" legend on every page of the transcript containing such "TRADE SECRETS." In the event of a dispute among the parties about whether an answer contains "TRADE SECRETS," the parties shall seek a determination from the Court.

10. For documents that the Court or Special Magistrate has determined to contain and/or constitute "TRADE SECRETS" and which the Plaintiff has clearly stamped or labeled as "TRADE SECRETS," the Defendants will not disclose such documents.

11. If, at any time, Defendants receive a public records request, and documents responsive to said request include "TRADE SECRETS" documents, Defendants shall provide Lucky Dick with notice of the public records request within three (3) days of receipt of the request by electronic mail to the following attorneys: (1) Simon Bloom: sbloom@bloomsugarman.com; (2) Ariel Zion: azion@bloomsugarman.com; (3) Daniel Fox: Daniel@hardinpalaw.com; and (4) Benjamin W. Hardin: bwhardin@hardinpalaw.com.

12. Documents determined by the Court or Special Magistrate to contain and/or constitute "TRADE SECRETS" shall be used only for the purposes of the above-captioned action (including any appeals) and not for any other purpose whatsoever. Neither the "TRADE SECRETS" documents nor the information contained therein shall be given, shown, made available, or communicated in any way to anyone except those persons designated below:

   a. Attorneys for Lucky Dick Promotions, LLC, attorneys for Polk County, John Bohde, James Freeman, and all of the Parties' respective counsel of record, which includes partners, associates, paralegals, and clerical and support personnel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

   b. The Court or Special Magistrate and all persons assisting the Court or Special Magistrate in this Litigation, including clerks or other members or employees of any court of competent jurisdiction over proceedings directly related to the instant Litigation;

   c. Such current employees and agents of the Parties who reasonably need to know any information contained in the documents labeled "TRADE SECRETS" in order to assist the Parties in their prosecution or defense of this Litigation;

   d. Litigation support services and outside copying services persons, including persons retained for the purpose of producing graphic or visual aids for use in the Litigation who reasonably need to know any information contained in the documents labeled "TRADE SECRETS" in order to assist the Parties in their prosecution or defense of this Litigation;

      e.    Persons retained as independent consultants or experts in connection with the instant Litigation by the Parties or the Parties' counsel only to the extent necessary for the prosecution or defense of this Litigation, but only after being advised of the terms of this Order and agreeing to abide by its terms to not disclose any "TRADE SECRETS" information to any persons not included in this section;

      f.    Deponents or trial witnesses, only to the extent reasonably necessary for the prosecution and/or defense of this Litigation or for the preparation of their testimony for a proceeding in this Litigation;

      g.    Any other person hereafter designated by written stipulation of the Parties or by further order of the Court.

13.    All persons to whom "TRADE SECRETS" documents, or the information within those documents, are disclosed shall be informed of and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of the "TRADE SECRETS" other than as authorized by this Order. Counsel subject to this Order shall take all reasonable steps necessary to advise any person to whom "TRADE SECRETS" documents, or the information within those documents, are disclosed, or by whom it may be used, of the terms of this Order.

14.    Any filing or submission (or part thereof) in this litigation that includes information from, discloses, summarizes, or reflects "TRADE SECRETS" documents shall be made under seal and the party making such filing or submission shall request the Clerk to maintain it under seal until further order of the Court. Counsel filing or submitting "TRADE SECRETS" information shall include next to the caption of such a filing or submission the

words "CONTAINS TRADE SECRETS INFORMATION—TO BE FILED UNDER SEAL."

15. Prior to the disclosure of "TRADE SECRETS" documents at trial, evidentiary hearing, or in any court proceeding, the parties shall negotiate in good faith to establish procedures for their use. If the parties are not able to agree to such procedures, any party may seek judicial resolution from the Court.

16. After the exhaustion of all appellate rights following the termination of this action, all documents in the possession of Defendants determined by the Court or Special Magistrate to constitute and/or contain "TRADE SECRETS," shall be retained by Defendants for the applicable public record retention period set by the Florida Department of State pursuant to Chapter 119, Florida Statutes. After the retention period has been met, the "TRADE SECRETS" documents shall be disposed of by destruction following the applicable retention and document disposal policies of the County.

17. After the exhaustion of all appellate rights following the termination of this action, all documents in possession of anyone other than Defendants that have been determined by the Court or Special Magistrate to constitute and/or contain "TRADE SECRETS," including, but not limited to copies, summaries, and excerpts, shall be returned to the producing party, except that counsel may retain documents reflecting any work product, copies of court filings and official transcripts and exhibits, provided said retained "TRADE SECRETS" documents will continue to be treated as provided herein.

18. Each of the parties hereto shall be entitled to seek modification of this order by application to the Court upon notice to the others and for good cause.

SO ORDERED, this 22 day of March, 2017.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Submitted by:

BLOOM SUGARMAN, LLP

By: /s/ Ariel D. Zion
**Simon H. Bloom, Esquire**
Georgia Bar No. 064298
*Admitted pro hac vice*
sbloom@bloomsugarman.com
**Ariel D. Zion, Esquire**
Georgia Bar No. 230543
*Admitted pro hac vice*
azion@bloomsugarman.com
977 Ponce de Leon Avenue
Atlanta, Georgia 30306
Telephone: (404) 577-7710
Facsimile: (404) 577-7715

- and -

**Daniel A. Fox, Esquire**
Florida Bar No. 94648
Daniel@hardinpalaw.com
**Benjamin W. Hardin, Esquire**
Florida Bar No. 500763
bwhardin@hardinpalaw.com
HARDIN & BALL, P.A.
1905 Bartow Road
Lakeland, Florida 33801
Telephone: (863) 688-5200
Facsimile: (863) 686-0777
*Attorneys for Plaintiff*

DE LA PARTE & GILBERT, P.A.

By: /s/ Kristin Y. Melton
**Edward P. de la Parte, Esquire**
Florida Bar No. 236950
edelaparte@dgfirm.com
**Patrick J. McNamara, Esquire**
Florida Bar No. 699837
pmcnamara@dgfirm.com
**Nicolas Q. Porter, Esquire**
Florida Bar No. 677043
nporter@dgfirm.com
**Kristin Y. Melton, Esquire**
Florida Bar No. 37262
kmelton@dgfirm.com
**Donald C.P. Greiwe, Esquire**
Florida Bar No. 118238
Post Office Box 2350
Tampa, Florida 33061-2350
Telephone: (813) 229-2775

*Attorneys for Defendants*